**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CR. NO. C-12-847 |
| | § | |
| JOSE DAVID LOPEZ | § | |

**FINDINGS AND RECOMMENDATION
ON PLEA OF GUILTY**

Senior United States District Judge Hayden Head referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On November 30, 2012, the defendant appeared with counsel before the undersigned magistrate judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.    The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement;

2.    The defendant was advised that the indictment charged a violation of Title 8, United States Code, Section 1326, which makes it unlawful for any person who, as an alien, has been previously deported or removed from the United States, to thereafter be knowingly and unlawfully present in the United States, having been found in the Southern District of Texas without first obtaining consent from the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

3.    The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt, that is the United States must prove beyond a reasonable doubt that the defendant is an alien who was previously

deported from the United States, that the defendant was knowingly and unlawfully present in the United States, having been found in the Southern District of Texas, and that the defendant was present unlawfully in the United States because the defendant failed to obtain consent to re-enter this country. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to testify in the defendant's behalf or to remain silent;

4. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent;

5. The defendant was advised that the maximum possible sentence included a prison term of up to two years plus a maximum fine of $250,000, a period of supervised release of up to one year, and that any violation of supervised release could result in an additional prison term of up to one year;

The defendant was further advised that if, prior to deportation, the defendant had been convicted of three or more misdemeanors involving drugs or crimes against the person or convicted of a felony crime, the maximum possible prison term increased to ten years plus a maximum fine of $250,000, a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years;

The defendant was further advised that if, prior to deportation, the defendant had been convicted of an aggravated felony, the maximum possible prison term increased to twenty years plus a maximum fine of $250,000, a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years;

The defendant also was advised that even if he received the maximum two year sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to a two year sentence again. The defendant was advised that this could happen multiple times until he had completed serving his term of supervised release;

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction;

6. The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range,

possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and

      7.    The defendant was advised that there was no plea agreement with the United States.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) as alleged in Count One of the Indictment. When questioned about the guilty plea, the defendant admitted that he was a citizen of El Salvador, that he was last deported or removed from the United States on March 21, 2012, that on September 27, 2012, the defendant was knowingly and unlawfully present in the United States having been found in Jim Wells County, Texas, without first obtaining consent from Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States, and that he claimed no lawful right to be present in the United States. The defendant further admitted that he had entered the United States by crossing at the Rio Grande River from Mexico, and that he had crossed at the river to avoid the inspectors at the Port of Entry.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and find that the defendant is guilty as charged in the indictment.

Respectfully submitted this 30th day of November, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).